FUNK et al., Appellants,

v.

DURANT et al., Appellees.

[Cite as *Funk v. Durant*, 155 Ohio App.3d 99, 2003-Ohio-5591.]

Court of Appeals of Ohio,
Fifth District, Muskingum County.

No. CT 2002–0032.

Decided Oct. 17, 2003.

Peter N. Cultice, for appellants.

Stubbins, Watson & Erhard Co., L.P.A., and Brent A. Stubbins, for defendants/third-party plaintiffs/appellees.

Isaac, Brant, Ledman & Teetor, L.L.P., and Paul A. MacKenzie, for third-party defendant/appellee.

---

BOGGINS, Judge.

{¶ 1} This is an appeal from a ruling by the Common Pleas Court of Muskingum County, which sustained appellees' motion for summary judgment.

{¶ 2} Appellants raise two assignments of error:

## ASSIGNMENTS OF ERROR

{¶ 3} "I. The trial court erred in granting defendants-appellees' [sic] sellers summary judgment because the disclosures defendants-appellees-sellers made to plaintiffs-appellants-buyers were known by defendants-appellees-sellers not to be true.

{¶ 4} "II. The trial court erred in granting defendants-appellees-sellers summary judgment because defendants-appellees-sellers had a duty to disclose the water problems with the home and they did not do so."

## STATEMENT OF THE FACTS AND CASE

{¶ 5} Appellees had a new home constructed by third-party defendant, Terrence Grywalski, d.b.a. Terrence Homes, which they occupied in November, 1997.

{¶ 6} Some basement water problems occurred prior to the property's being listed for sale in early 1999.

{¶ 7} Appellants examined the property on three separate occasions prior to purchasing such home. They were not limited in such examination. Although they chose not to have the home professionally inspected, they were accompanied on one inspection by a family friend who had begun a home-inspection business.

{¶ 8} Appellants saw indications of basement water problems on walls, carpet, and sill.

{¶ 9} Appellants and appellees met only on the third inspection. On inquiry, appellees stated that on one occasion water had entered the home due to an ice storm and on another occasion because of a blocked drain. The facts now presented by appellants and accepted as accurate by appellees are that water problems actually occurred seven times during appellees' ownership. The real estate disclosure form did not accurately list all occasions of water leakage. Appellants were aware, however, of the inaccuracy of such disclosure. Appellees offered no additional information as to water problems.

{¶ 10} The contract of sale, which contained an as-is clause, provided for a $330,000 purchase price. As the bank appraisal did not meet this sale price, it was renegotiated to $320,000, and an extension was granted to coincide with the sale of appellant's prior home.

{¶ 11} On the third day after appellants moved into the home, a thunderstorm of several hours' duration occurred. The patio drain could not handle the excessive water, and a backup occurred. The home has had dampness on the basement walls on several occasions since that episode, although the dampness has not reached the basement floor.

{¶ 12} After unsuccessful attempts to resolve the problem with appellees, appellants filed suit, asserting several causes of action, to wit: verbal and written representations that were false and misleading, fraud, misrepresentation, nondisclosure, breach of express warranty and warranty of habitability, and breach of good faith and fair dealing. Appellees responded and brought their builder into the action.

{¶ 13} Appellees filed a motion for summary judgment, which the court sustained. As a result of this action, the court also dismissed the third-party action involving the builder.

{¶ 14} We shall review the assignments of error simultaneously as each deals with the applicability of the Civ.R. 56 decision.

## SUMMARY JUDGMENT STANDARD

{¶ 15} Summary judgment proceedings present the appellate court with the unique opportunity to review the evidence in the same manner as the trial court. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 506 N.E.2d 212. Civ.R. 56(C) states:

{¶ 16} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * *  A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶ 17} Pursuant to the above rule, a trial court may not grant summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 18} It is based upon this standard that we review appellants' assignments of error.

{¶ 19} Each assignment is essentially predicated upon alleged fraudulent misrepresentations or conduct by appellees, either by false disclosures or failure to disclose.

■ {¶ 20} The elements of fraud or fraudulent misrepresentation are (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) followed by justifiable reliance upon the representation or concealment by the other party, and (6) a resulting injury proximately caused by the reliance. See *Friedland v. Lipman* (1980), 68 Ohio App.2d 255, 22 O.O.3d 422, 429 N.E.2d 456.

{¶ 21} On the other hand, the doctrine of caveat emptor must be considered relative to the data before the court in making its ruling on appellees' summary judgment motion.

{¶ 22} The Ohio Supreme Court in *Layman v. Binns* (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, set forth the doctrine of caveat emptor in the syllabus, wherein it stated:

{¶ 23} "The doctrine of caveat emptor precludes recovery in an action by the purchaser * * * where (1) the condition complained of is open to observation or discernable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor."

■ {¶ 24} Under the rule of caveat emptor, buyers are responsible for discerning patent defects. *Layman,* supra. If a purchase agreement states that the buyer purchases real property as is, the vendor has no duty to disclose latent defects. *Kossutich v. Krann* (Aug. 16, 1990), Cuyahoga App. No. 57255, 1990 WL 118705, citing *Klott v. Assoc. Real Estate* (1974), 41 Ohio App.2d 118, 70 O.O.2d 129, 322 N.E.2d 690. A seller may be liable for nondisclosure of a latent defect when he is under a duty to disclose facts and fails to do so. *Layman,* supra.

{¶ 25} The court in *Kossutich,* addressed the as-is clause in the home sale contract before it and stated:

{¶ 26} "The 'as is' contract provision cannot be relied upon, however, to relieve the defendants of liability on a claim for fraudulent misrepresentation. * * * See, also, *Mancini v. Gorick* (1987), 41 Ohio App.3d 373 [536 N.E.2d 8]. The basic elements of a cause of action for fraudulent misrepresentation include an actual or implied misrepresentation which is material to the transaction, made with knowledge that the statement is false, with the intent to mislead another who relies on the misrepresentation with resulting injury." See, also, *Sanfillipo v. Rarden* (1985), 24 Ohio App.3d 164, 24 OBR 253, 493 N.E.2d 991.

{¶ 27} Even though an as-is clause does not provide a defense to fraudulent misrepresentations, it does relieve a seller of any duty to disclose. *Yuricek v. Dye,* (Dec. 15, 2000), Trumbull App. No. 99–T–0093.

{¶ 28} The materials before the court in considering the motion were the pleadings, depositions of appellants, affidavits of William Scott Funk and the real estate agent, Jan Tanner Thompson, and the matters contained within the briefs in support of and in response to appellees' motion. The affidavit of Mr. Funk and the deposition of Mrs. Funk differ, and the real estate agent's affidavit is inconsistent in that she asserts that appellee stated that there were "no basement water problems" and later stated that the problem was fixed by the contractor.

{¶ 29} While the response and this appeal include copies of purported excerpts from an appellee's deposition, such deposition has not been filed of record and the excerpts provided were not in affidavit form, and therefore, pursuant to Civ.R. 56, such transcripts are not part of the record to have been considered by the trial judge or this court.

{¶ 30} The portions of the complaint that assert that written representations were made that were false or misleading essentially rely on the inaccurate, or at least incomplete, statements in the disclosure form.

{¶ 31} R.C. 5302.30(D) provides that the property-disclosure form must set forth the purpose of the form, including "that the statement is not a warranty of any kind by the transferor or by any agent or subagent representing the transferor in this transaction; [and] that the statement is not a substitute for any inspections; that the transferee is encouraged to obtain his/her own professional inspection * * *".

{¶ 32} R.C. 5302.30(J) states:

{¶ 33} "The specification of items of information that must be disclosed in the property disclosure form as prescribed under division (D) of this section does not limit or abridge, and shall not be construed as limiting or abridging, any obligation to disclose an item of information that is created by any other provision of the Revised Code or the common law of this state or that may exist in order to preclude fraud, either by misrepresentation, concealment, or nondisclosure in a transaction involving the transfer of residential real property. The disclosure requirements of this section do not bar, and shall not be construed as barring, the application of any legal or equitable defense that a transferor of residential real property may assert in a civil action commenced against the transferor by a prospective or actual transferee of that property."

{¶ 34} Essentially, the code provision, as stated in *Belluardo v. Blankenship* (June 4, 1998), 8th Dist. No. 72601, 1998 WL 289397, "does not effectively negate prior law relating to 'as is' residential home purchase agreements." Rather it

"codifies the common law doctrine of caveat emptor by requiring homeowners to disclose all known latent defects." Thus, where plaintiff conducted an inspection of the property and learned that problems existed in the past but chose not to undertake further investigation, the "as is" disclaimer removed the agent's duty to disclose information relating to the basement.

{¶ 35} While R.C. 5302.30 specifically states that the disclosure form it requires is not a warranty, it can form the basis for false representations contained therein if such form a basis for reliance. *Teter v. Rossi,* Trumbull App. No. 2001–T–0103, 2002-Ohio-4818, 2002 WL 31053850.

{¶ 36} Essentially, a seller entering into a contract of sale with an as-is clause, even though relieved from a duty to disclose, cannot make affirmative false statements to a buyer, a real estate agent, or in a disclosure form if such is relied upon by a buyer.

{¶ 37} This court considered the matter in *Ataya v. Becker* (Jan. 28, 1998), Stark App. No. 1997 CA 00191, 1998 WL 519437, in which a summary judgment decision was reversed upon the conclusion that an affirmative statement as to the complete waterproofing of a basement when only 15 percent had been water-proofed presented a material fact requiring determination of reliance by the trier of fact. Affirmative, contrary-to-fact statements have also been considered in *Schlecht v. Helton* (Jan. 16, 1997), Cuyahoga App. No. 70582, 1997 WL 15259, and *Kossutich v. Krann* (Aug. 16, 1990), Cuyahoga App. No. 57255, 1990 WL 118705.

{¶ 38} Applying these standards to this case, we have open-and-obvious evidence of basement water problems putting the appellants notice. They had the opportunity to have an inspection made, which is encouraged by R.C. 5302.30, and to an extent they did this by using their home-inspector friend, who also observed the problems.

{¶ 39} Appellants were clearly aware, therefore, of prior problems. Their respective depositions indicate this.

{¶ 40} No false, affirmative statements were made by appellants, although additional events were not disclosed. As the real estate agent's affidavit is inconsistent and Mr. Funk's differs from that of his wife's deposition, the court could reasonably place more reliance on the latter's deposition as to observations, lack of statements, and nonreliance on the disclosure form.

{¶ 41} Appellants knew that the nondisclosure statements were inaccurate and therefore cannot meet the requirements for proving affirmative, false statements in a contract containing an as-is clause, nor the burden of reliance.

{¶ 42} We therefore reject the two assignments of error and affirm the decision of the trial court.

Judgment affirmed.

FARMER, P.J., and EDWARDS, J., concur.