ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, and the parties' briefs. Plaintiff-appellant Sislyn Scafe ("Scafe") appeals the judgment of the trial court granting summary judgment in favor of defendant-appellee Property Restorations, Ltd. ("Property Restorations"). For the reasons set forth below, we affirm.
 {¶ 2} In the spring of 2000, Property Restorations purchased the property located at 19050 Genesee Road in Euclid, Ohio at the Cuyahoga County foreclosure sale. Property Restoration acquired the single-family home to repair and rehabilitate it as necessary for resale. Property Restoration made substantial repairs to the home, including painting the entire interior, remodeling the kitchen, replacing the roof, repairing the driveway, constructing new steps and a landing outside, and replacing most electrical outlets and certain light fixtures. In August, 2000, Scafe purchased the property from Property Restorations. In 2002, Scafe had the property inspected and thereafter filed suit against Property Restorations alleging fraudulent misrepresentation, breach of contract and negligent misrepresentation.
 {¶ 3} Property Restorations filed a motion for summary judgment, which the trial court granted. It is from this ruling that Scafe now appeals, asserting two assignments of error for our review.
 {¶ 4} "I. The trial court erred in ruling that the "As Is" provision in the purchase agreement placed the risk of defect on the plaintiff."
 {¶ 5} "II. The trial court abused its discretion in finding that plaintiff has failed to introduce evidence sufficient to create genuine issues of material fact as to defendant's fraud, material misrepresentation and breach of contract."
 {¶ 6} We address together Scafe's two interrelated assignments of error which challenge the trial court's grant of summary judgment in favor of Property Restorations.
 {¶ 7} We note initially that appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court restated the appropriate test in Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 369-70, 1998-Ohio-389, as follows:
 {¶ 8} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor."
 {¶ 9} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-59,1992-Ohio-95.
 {¶ 10} With regard to claims arising from structural defects in real estate, the Supreme Court in Layman v. Binns (1988),35 Ohio St.3d 176, syllabus, held:
 {¶ 11} "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor."
 {¶ 12} In Traverse v. Long (1956), 165 Ohio St. 249, 252,135 N.E.2d 256, the Court explained the rule as follows:
 {¶ 13} "The principle of caveat emptor applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud."
 {¶ 14} "An `as is' clause in a real estate contract places the risk upon the purchaser as to the existence of defects and relieves the seller of any duty to disclose. Rogers v. Hill
(1998), 124 Ohio App.3d 468, 471. An "as is" clause, however, does not relieve the seller of liability for fraudulent misrepresentation or fraudulent concealment. Id. [A]s long as a seller does not engage in fraud, these two principles, caveat emptor and the `as is' clause, bar any claims brought by a buyer." Moreland v. Ksiazek, Cuyahoga App. No. 83509, 2004-Ohio-2974.
 {¶ 15} The elements which must be shown to prove a claim for fraud are:
 {¶ 16} "(a) a representation or, where there is a duty to disclose, concealment of a fact,
 {¶ 17} "(b) which is material to the transaction at hand,
 {¶ 18} "(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred;
 {¶ 19} "(d) with the intent of misleading another into relying upon it,
 {¶ 20} "(e) justifiable reliance upon the representation or concealment, and
 {¶ 21} "(f) a resulting injury proximately caused by the reliance."
 {¶ 22} Williams v. Aetna Fin. Co. (1998),83 Ohio St.3d 464, 475, citing Cohen v. Lamko, Inc. (1984),10 Ohio St.3d 167, 169. Failure to establish any of these elements is fatal to a plaintiff's case and precludes recovery. See Burr v. StarkCty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.
 {¶ 23} In this case, Scafe maintains Property Restorations knowingly and willfully made material and false representations as to the condition of the property. She further avers Property Restorations concealed defects in the property which otherwise would have been observable upon reasonable inspection and failed to provide her a list of housing code violations. However, a review of the record reveals that Scafe has failed to set forth specific facts showing a genuine issue of fact regarding fraud on the part of the seller.
 {¶ 24} In her deposition, Scafe stated that she and her friends went through the property while Ms. Petrey, a representative of the seller, stayed in the kitchen. After going through the house, Scafe did not ask about the condition of the property, nor did Ms. Petrey comment on the property. In fact, Ms. Petrey said she did not have information on the property and advised Scafe to get a private inspection. Scafe chose not to get a private inspection.
 {¶ 25} Property Restorations provided a disclosure form which indicated that the property was violation-free per a City of Euclid inspection. Scafe alleges Property Restorations failed to disclose numerous violations on the property. However, the record indicates the City of Euclid re-inspected the property on August 22, 2000 and found the violations cited in the initial inspection had been corrected.
 {¶ 26} Lastly, Scafe maintains Property Restorations fraudulently concealed cracks which would have otherwise been observable upon reasonable inspection. However, Scafe has failed to allege facts sufficient to defeat a motion for summary judgment. The only evidence supporting her contention is that Property Restorations painted the basement prior to sale. However, Property Restorations painted the entire interior of the house in preparation for sale. Furthermore, Scafe has failed to present any evidence that Property Restorations intended to mislead her. Scafe claims, in essence, that Property Restorations' knowledge of prior violations and a failure to disclose them evidences an intent to defraud her. Interestingly, however, the prior violations which Scafe cites to were all corrected by Property Restorations and were unrelated to the condition of the basement wall of which Scafe now complains.
 {¶ 27} Furthermore, Scafe presented to the trial court a report prepared by K.G. Structures in June, 2002. The conclusions to the report stated:
 {¶ 28} "According to the owner, she bought this building in October of 2000 and there were no cracks on the building and all the cracks have occurred within the last 1 1/2 years. It appeared that, due to the numerous and recent cracks around the entire building, especially in the garage area and in the northwest corner of the building or the kitchen area, it may be concluded that this building rests on soft soil or land fill and it is settling. The settlement appears to be ongoing because of the existence of fresh cracks."
 {¶ 29} This report belies Scafe's assertion that the structural defects were present at the time she purchased her home. As such, the trial court properly granted summary judgment in favor of Property Restorations where no genuine issues of material fact existed regarding Scafe's claim of fraud.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Cooney, J., Concur.