[Cite as *McNabb v. Hoeppner*, 2011-Ohio-3224.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
|  | : | JUDGES: |  |
| WILLIAM McNABB, et al., | : | W. Scott Gwin, P.J. |  |
|  | : | John W. Wise, J. |  |
| Plaintiffs-Appellants | : | Julie A. Edwards, J. |  |
|  | : |  |  |
| -vs- | : | Case No. 10CA124 |  |
|  | : |  |  |
|  | : |  |  |
| FRANCES A. HOEPPNER, et al., | : | O P I N I O N |  |
|  |  |  |  |
| Defendants-Appellees |  |  |  |

CHARACTER OF PROCEEDING:     Civil Appeal from Richland County
                             Court of Common Pleas Case No.
                             08-CV-2130

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 22, 2011

APPEARANCES:

For Plaintiffs-Appellants              For Defendants-Appellees

BRYON D. CORLEY                        DAVID D. CARTO
3 N. Main Street, Suite 714            Weldon, Huston & Keyser, LLP
Mansfield, Ohio  44902                 76 North Mulberry Street
                                       Mansfield, Ohio  44902-1241

*Edwards, J.*

{¶1} Appellants, William and Angela McNabb, appeal a summary judgment of the Richland County Common Pleas Court dismissing their claims against appellee Frances Hoeppner for fraud and negligent misrepresentation and against appellee AccuSpec Inspection Service for breach of contract, negligence and breach of warranty.

STATEMENT OF FACTS AND CASE

{¶2} In 2008, Hoeppner listed her property at 1955 Banyan Drive, Mansfield, for sale. In March of 2008, Hoeppner filled out a residential property disclosure form which indicated that she had no knowledge of any current leaks or other material problems with the roof or rain gutters, or of any other water intrusions on the property. The disclosure form indicated that the owner's statement was based on the owner's "actual knowledge" and the owner had not inspected generally inaccessible areas. The form also included the following language:

{¶3} "THIS STATEMENT IS NOT A WARRANTY OF ANY KIND BY THE OWNER OR BY ANY AGENT OR SUBAGENT REPRESENTING THE OWNER OF THE PROPERTY. THIS STATEMENT IS NOT A SUBSTITUTE FOR ANY INSPECTIONS. POTENTIAL PURCHASERS ARE ENCOURAGED TO OBTAIN THEIR OWN PROFESSIONAL INSPECTION."

{¶4} Appellants entered into a purchase agreement with Hoeppner in July, 2008. In the purchase agreement, appellants acknowledged that they were purchasing the property "in its present physical condition after examination and inspection" by the purchaser. The agreement further provided:

{¶5} "Purchaser further acknowledges that Purchaser(s) are relying solely upon such examination and inspection with reference to condition, value, character, and dimensions of property, improvements, component systems and fixtures. Purchaser acknowledges that neither Seller, nor Seller's Agents(s) have made any representations or warranties upon which Purchaser has been induced to rely; rather Seller and Seller's Agent(s) have encouraged Purchaser to conduct a thorough and independent inspection(s) of the premises."

{¶6} On July 28, 2008, appellants entered into a contract with appellee AccuSpec for inspection of the house. The agreement specifically provided that the inspector was not required to move any items that impeded access or limited visibility, and the inspection was limited to "readily accessible areas of the property." The agreement, and the later-issued inspection report, both provided that the inspection report:

{¶7} "IS NOT INTENDED TO BE USED AS A GUARANTEE OR WARRANTY, EXPRESS OR IMPLIED, REGARDING THE ADEQUACY, PERFORMANCE, CONDITION, STRENGTH OF ANY INSPECTED STRUCTURE, ITEM OR SYSTEM. THE INSPECTION AND REPORT ARE NOT INTENDED TO REFLECT THE VALUE OF THE PREMISES, NOR TO MAKE ANY REPRESENTATION AS TO THE ADVISABILITY OR INADVISABILITY OF THE PURCHASE, MARKET ABILITY OR THE SUITABILITY FOR USE."

{¶8} Bruce Baker, owner of AccuSpec, inspected the property on July 28, 2008. When he issued his report to appellants he noted several areas of concern regarding the condition of the roof, including prior cured leaks, amateur workmanship,

erosion, exposed or lifted nails, moss and mildew, poorly patched flashing and tar on flashing.  Hoeppner agreed to pay appellants $1250.00 at closing to cover the estimated cost of roof repairs.

{¶9}    After taking possession of the house, appellants discovered an attic crawl space and a basement crawl space that had not been inspected.  Appellants found plastic sheeting in the attic crawl space and a sump pump and operating dehumidifier in the basement crawl space.  After a second inspection of the home, AccuSpec noted dampness in these areas but the inspector stated that his general findings in his first inspection report were not materially affected by this second inspection.

{¶10}  Appellants filed the instant action against Hoeppner and AccuSpec.  The court dismissed the complaint on summary judgment.  Appellants assign a single error on appeal:

{¶11}  "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO APPELLEES WHERE GENUINE ISSUES OF MATERIAL FACT EXISTED AND THE APPELLEES WERE NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW."

{¶12}  Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36.  As such, we must refer to Civ. R. 56(C) which provides in pertinent part:  "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶14} We first address whether the trial court erred in granting summary judgment to appellee Hoeppner. Appellants argue in their brief that disputed facts exist as to whether Hoeppner had knowledge of the problems in the two crawl spaces and a duty to disclose such defects.

{¶15} An "as is" clause in a real estate contract places the risk upon the purchaser as to the existence of defects and relieves the seller of any duty to disclose latent defects. *Rogers v. Hill* (1998), 124 Ohio App.3d 468, 471; *Funk v. Durant*, 155 Ohio App.3d 99, 103, 2003-Ohio-5591. The "as is" contract provision cannot be relied upon to relieve the sellers of liability on a claim for fraudulent misrepresentation. Id. at 103. While R. C. 5302.30 specifically states that the disclosure form required by the statute is not a warranty, it can form the basis of a claim for false representation if the seller makes false statements to the buyer therein, which are relied upon by a buyer. Id.

{¶16} In summary, as long as the seller does not engage in fraud, an "as is" clause bars any claims brought by a buyer. *Scafe v. Property Restorations, Ltd.,* Cuyahoga App. No. 84447, 2004-Ohio-6296.

{¶17} To prove fraud, a plaintiff must show that there was: (a) a representation, or where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the representation or concealment, and (f) resulting injury proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.

{¶18} In the instant case, the contract contained an "as is" clause. Appellee Hoeppner therefore had no duty to disclose the existence of the moisture issues in the crawl spaces, and is only liable if she fraudulently misrepresented the condition of the

home when she stated on her disclosure form that she was not aware of any current leaks or water intrusions on the property.

{¶19} There is no evidence to demonstrate that Hoeppner had knowledge of any current water problems on the property. Hoeppner's affidavit states that she and her late husband purchased the house in 1988. From that time until shortly before his death in May of 2006, her husband took care of repairs and maintenance for the home, including replacing the roof in 1991 after a leak was discovered. Thereafter she was not aware of any problems until October, 2006, when she hired a contractor to repair a leak above the bedroom. She averred that at no time had she been in or viewed the attic crawl space above the pantry, nor had she seen her husband in that area. Appellant William McNabb admitted at his deposition that he had no evidence that appellee knew the statements in the disclosure form concerning current leaks was false at the time she made it. Tr. 23. He testified that he had no evidence that appellee Hoeppner deliberately concealed the door to the basement crawl space. Tr. 76.

{¶20} In addition to presenting no evidence that Hoeppner knew her statements concerning the condition of the roof were false, appellants have not demonstrated justifiable reliance. Appellants were alerted to a series of problems concerning the roof and accepted $1,250.00 from Hoeppner to repair the roof. Appellant admitted that the access panel to the attic crawl space was visible to him when he and his wife looked at the home prior to entering into the purchase agreement, and he did not ask appellee Hoeppner for permission to look in that area, nor did he point this out to the home inspector. Tr. 56-57. The purchase agreement specifically states that appellants were not relying on any representations made by the seller.

{¶21} Appellants also claimed negligent misrepresentation on the part of Hoeppner. The doctrine of negligent misrepresentation provides recovery where: 1) a party who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, provides false information; 2) for the guidance of another party in its business transaction, 3) causing the other party to suffer pecuniary loss, 4) as a result of justifiable reliance on the information, 5) if the one providing the information failed to exercise reasonable care or competence in obtaining and communicating the information. *Delman v. City of Cleveland Hts.*, (1989), 41 Ohio St.3d 1, 4, 534 N.E.2d 835. The elements for negligent misrepresentation require a plaintiff who sought guidance with respect to his business transactions from the defendant. *Nichols v. Ryder Truck Rental* (June 23, 1994), Cuyahoga App. No. 65376, unreported.

{¶22} As discussed with regard to the fraud claim, there is no evidence in the record to demonstrate that Hoeppner's statement that she was not aware of any current leaks or water intrusions on the property was false. Further, appellants cannot show that they sought her advice or guidance with respect to a business transaction. Hoeppner and appellants were engaged in an arms-length business transaction, there was no special relationship between them whereby appellants were specifically relying on Hoeppner for advice. There is nothing in the record to suggest that Hoeppner failed to exercise reasonable care in obtaining or communicating the information in the disclosure form where the form specifically stated that it was based on her actual knowledge and not on an inspection of generally inaccessible areas.

{¶23} We next address whether summary judgment was appropriate as to AccuSpec. Appellants argue that AccuSpec did not take the proper amount of time to complete the inspection because the inspector was accommodating Hoeppner's schedule, and also argues generally that the inspection did not reveal problems in the home.

{¶24} There is no evidence to suggest that the time AccuSpec spent in the home was in violation of the contract or standards in the industry. AccuSpec's contract with appellants specifically stated that the inspector was not required to move items of personal property that impeded access or limited visibility, and the inspection was limited to readily accessible areas of the property. Despite admitted knowledge of the attic access panel in the pantry, appellants did not specifically request that the inspector move items in the pantry to access and inspect that area. Further, after appellants discovered the crawl spaces, AccuSpec returned to the property, inspected these areas, and found nothing that materially altered the findings in the original inspection report. The trial court did not err in finding that appellants did not present evidence that AccuSpec breached its contract with them nor did appellants present evidence of a standard of care breached by AccuSpec to support their claim for negligence. Further, appellants failed to present any evidence of warranties made by AccuSpec concerning the condition of the property and the contract between the parties stated that the inspection report was not intended as a warranty regarding the condition of the property.

**{¶25}** The assignment of error is overruled.

**{¶26}** The judgment of the Richland County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0412

[Cite as *McNabb v. Hoeppner*, 2011-Ohio-3224.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

WILLIAM McNABB, et al.,                   :
                                          :
            Plaintiffs-Appellants         :
                                          :
                                          :
-vs-                                      :        JUDGMENT ENTRY
                                          :
FRANCES A. HOEPPNER, et al.,              :
                                          :
            Defendants-Appellees          :        CASE NO. 10-CA-124


     For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Richland County Court of Common Pleas is affirmed.  Costs assessed

to appellants.


                                        _____

                                        _____

                                        _____

                                                    JUDGES