[Cite as *A.L.R.L. Family Trust v. Bowman*, 2018-Ohio-2364.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ALRL FAMILY TRUST | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| HARRIS C. BOWMAN | : | Case No. 17 CAE 12 0074 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                            Pleas, Case No. 16-CVC-01-0068

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           June 18, 2018

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

RIC DANIELL                             SEAN A. MCCARTER
1660 NW Profession Plaza #A             88 North 5th Street
Columbus, OH  43220                     Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, ALRL Family Trust, appeals the November 8, 2017 decision of the Court of Common Pleas of Delaware County, Ohio, granting summary judgment to Defendant-Appellee, Harris C. Bowman.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In June 2015, appellant made an offer to purchase a residential home from appellee.  The parties agreed to a purchase price and executed a purchase agreement on June 30, 2015.  The agreement included an "as is" provision and a Residential Property Disclosure Form dated June 23, 2015.  The form did not disclose any problems with the septic system.  The sale was completed on August 14, 2015.

{¶ 3}   After the sale, the septic system failed.  Appellant was forced to connect to the county sewer system, incurring expenses.

{¶ 4}   On January 22, 2016, appellant filed a complaint against appellee, claiming breach of the real estate contract and fraud relating to the septic system.  Appellant also named Benchmark Labs, Inc. as a defendant.  Benchmark conducted an inspection of the property including the septic system, and is not a party to this appeal.

{¶ 5}   Following some procedural issues, appellee filed a motion for summary judgment on August 31, 2017.  Appellee argued the breach of contract claim could not exist because of the "as is" clause.  As for the fraud claim, appellee argued he did not have any knowledge of the faulty septic system prior to entering into the purchase agreement.  Appellee was made aware of the problems with the septic system after the purchase agreement was signed.  In response, appellant argued appellee knew or had reason to believe the septic system was faulty prior to signing the purchase agreement,

and he had a duty to disclose any subsequent information he received about the septic system.  By judgment entry filed November 8, 2017, the trial court granted summary judgment to appellee.

{¶ 6}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 7}  "THE TRIAL COURT COMMITTED ERROR IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT (TRIAL COURT ORDER DATED NOVEMBER 08, 2017)."

I

{¶ 8}  In its sole assignment of error, appellant claims the trial court erred in granting summary judgment to appellee.  We disagree.

{¶ 9}  Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C)  provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel.*

*Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379,

citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d

466, 472, 364 N.E.2d 267, 274.

{¶ 10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 11} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving

party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims.  If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.  However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."   The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 12} In its complaint filed January 22, 2016, appellant claimed appellee breached the real estate sales contract by "failing to disclose the broken condition of the sceptic (sic) sewer system and by stating that said system was not suffering from any material problems in the Residential Property Disclosure Form, Exhibit C."  Appellant also claimed appellee committed fraud in misstating the disclosure form and withholding information he received about material defects with the septic system after the signing of the purchase agreement.

{¶ 13} In his motion for summary judgment filed August 31, 2017, appellee argued no genuine issues of material fact existed as he did not have any knowledge of any problems with the septic system prior to entering into the "as is" purchase agreement,

and he had no duty to disclose any problems he was made aware of afterwards. In support of his motion, appellee presented his affidavit wherein he averred to the following:

10. I lived at my House for approximately 32 years. The last 10 years I reside (sic) there by myself. During the time that I reside (sic) at the House I never had a problem with the septic sewer system.

11. The Residential Property Disclosure Form attached as Exhibit C to the Complaint and attached hereto as Exhibit 2 was completed and dated by me on June 23, 2015. The buyer acknowledged receipt of the Disclosure Form on June 30, 2015. On those dates I had no actual knowledge of a problem with the septic sewer system.

12. After the House was in contract for sale, the buyer had the septic system inspected by Benchmark Labs on July 8, 2015, the report is attached as Exhibit F to the Complaint. In the report it states that the septic sewer system "has no apparent defects and is in acceptable operating condition." This conclusion was told to me by the inspector. The inspector did tell me that I should have a pumped (sic) out.

13. I contacted Ericson Environmental Services ("Ericson") regarding a pump out of the system. Ericson came on July 15, 2015 to perform the pump out. As set forth on the estimate attached as exhibit D to the complaint and here as Exhibit 3, the Ericson person told me that he thought chemicals should be placed into the system to clean the leach field because

the leach bed was poor, and that a new lid and outlet baffle was needed. I did not believe that such work was justified for this 60 year old system.

14. The septic system existed at the House when I purchased it, and I believe it was about 60 years old at the time I sold it. After Ericson pumped the system, I told the Buyer that the septic system was 60 years old. I told the buyer that the system was failing. I told the buyer that instead of spending money on their plans to add a master bedroom on the House, that they should spend it on connecting the house to the county sewer which was located adjacent to the property. The buyer and her significant other and I discussed issues relating to connecting to the county sewer system. I am not sure what happened after the Buyer moved into the House, but when I lived in the House by myself I did not have any problems with the septic system.

15. Until July 15, 2017, I never had the septic system serviced. I never had a problem with the septic system while I lived at the House.

{¶ 14} In its memorandum contra filed September 28, 2017, appellant argued genuine issues of material fact did exist as appellee had a duty to disclose what he learned after having the septic system "inspected" by Ericson. Appellant alleged appellee knew the septic system was defective prior to signing the disclosure form. In support of its arguments, appellant presented appellee's deposition, as well as the affidavit of William Lutz, a beneficiary under the trust who authorized the purchase of the subject property. Mr. Lutz averred the following in pertinent part:

As part of the offer and counteroffer was a "Residential Property Disclosure Form. I also personally reviewed this document. Said residential Property Disclosure Form, section B, states, in part, that there were no material problems with the septic system.

The real estate was purchased by Plaintiff from Defendant Harris C. Bowman on August 14, 2015. I was present at the closing and am knowledgeable concerning the facts of the closing.

On or about July 08, 2015, I caused Benchmark to inspect the septic system in place at the house. Benchmark performed the inspection but was unable to actually open and examine the interior of the septic system. Benchmark reported that the system was abnormally full. On July 15, 2015 Defendant Harris C. Bowman caused the septic system to be inspected. The result of the inspection disclosed that the sceptic (sic) system was defective and that there was a material problem with the septic system. A copy of this report and estimate is attached to Defendant's deposition. I know these facts from personal knowledge due to the fact that I contacted Mr. Rick Bauman of Ericson Environmental Services, PO Box 266, Galloway, OH 43119 and he informed me that Defendant Bowman asked for an inspection of the septic system at 6396 Olentangy River Road, Delaware Ohio. Mr. Bauman did inspect the septic system and authored the estimate of repairs needed to such system.

I further state that Defendant Bowman did not, at any time, disclose the existence of the estimate by Erickson (sic) to me or anyone concerned with the purchase on the buyer's side.

* * *

Defendant did not make any recommendation to me that any existing sewer line be hooked up to the house. To the contrary, Defendant informed me, on one occasion that occurred after July 15, 2015 but prior to closing, that the septic system at the house was old. I already knew this. Defendant did not tell me that he had the system examined by Erickson (sic). Defendant did not tell me that Erickson (sic) made recommendations to him for needed repairs. Defendant states in his deposition that "the system is failing. (Defendant Deposition, page 11), and that he "took that opportunity to also tell them about the problems that I had just discovered on the 15th of July…". (Defendant Deposition, page 12). It is my testimony that the Defendant did no such thing and made no such statements to me. Defendant did not tell me that he had the septic system examined. Defendant did not tell me that the system was failing. Defendant did not tell me that there were specific defects to the system discovered by Erickson (sic). Defendant did state to me, on one occasion prior to closing, that the system was old. If the Defendant had informed me that the septic system was failing I would have taken the obvious steps of either decreasing my offer to purchase or withdraw the offer.

{¶ 15} In its November 8, 2017 judgment entry granting the motion for summary judgment, the trial court conducted a thorough analysis of the issues and concluded: "Because the Trust has not identified in the parties' contract any provision that Bowman has allegedly breached, and because that contract called for the Trust to buy the property 'as is,' Bowman is entitled to summary judgment on the Trust's breach-of-contract claim." The trial court also concluded:

In short, on an issue on which the Trust would bear the burden of proof at trial - proving to the finder of fact that Bowman made a false statement about the condition of the septic system - the Trust has not presented any evidence undercutting Bowman's claim that his septic-system answer on the property-disclosure form was true at the time he made it. Absent a false statement on that form, any fraudulent-representation claim raised by the Trust must fail.

{¶ 16} We agree with the trial court's well-reasoned decision. The purchase agreement contained an "as is" clause. Short of a seller committing fraud, a buyer's claim for damages under a breach of contract claim is barred under an "as is" contract. *Rodgers v. Sipes,* 3d Dist. Crawford No. 3-11-19, 2012-Ohio-3070. A seller does not have any duty to disclose facts of a material nature under an "as is" contract. *McNabb v. Hoeppner,* 5th Dist. Richland No. 10CA124, 2011-Ohio-3224; *Williams v. Brown,* 5th Dist. Muskingum Nos. CT2004-0048 and CT2004-0051, 2005-Ohio-5301. Appellant concedes in his appellate brief at 4 that appellee did not have a duty to update the property

disclosure form.  In addition, the property disclosure form contained a clause informing appellant that appellee "has no obligation to update this form."

{¶ 17} Appellant alleges that appellee knew or had reason to believe the septic system was faulty before the purchase agreement was signed.  In its appellate brief at 6, appellant admits it is "unable to prove that Bowman had actual knowledge of the septic system problems at the time the real estate purchase agreement was signed on June 30, 2015."  Appellant argues appellee knew the system was old.  In his affidavit cited above, Mr. Lutz admitted "I already knew this."  Appellee did not have the septic system inspected as argued by appellant.  He had the septic tank pumped out at the recommendation of appellant's inspector, Benchmark.  Bowman depo. at 8, 25.  Benchmark reported the onsite sewage disposal system "has no apparent defects and is in acceptable operating condition."  *See* Benchmark Inspection Report, attached to the Complaint as Exhibit E.

{¶ 18} Upon review, we agree no genuine issues of material fact exist.  The trial court did not err in granting summary judgment to appellee.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EW/db 61