[Cite as *Stutler v. Giannini*, 2021-Ohio-1395.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JENIFER STUTLER | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2020 CA 00159 |
| MARILYN GIANINI | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:       Civil Appeal from the Court of Common
                               Pleas, Case No.  2019 CV 02083


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        April 21, 2021


APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

SANDRA J. ROSENTHAL                  RICHARD D. REINBOLD
25423 Cardington Drive               236 3rd Street, SW
Beachwood, Ohio  44122               Canton, Ohio  44702

*Wise, John, J.*

{¶1}  Plaintiff-Appellant, Jenifer Stutler, appeals from the November 4, 2020 Judgment Entry by the Stark County Court of Common Pleas. Appellee is Marilyn Giannini. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}  On February 3, 2017, Appellee listed her home for sale.

{¶3}  On February 4, 2017, Appellant did a walk-through of the home.

{¶4}  On February 5, 2017, Appellant made an offer on the home, which was accepted.

{¶5}  On February 17, 2017, Appellant hired Matthew Adams of Sharpshooter Home Inspections to do an inspection of the property. In his report, Matthew Adams noted that based on a careful visual inspection of readily accessible areas of the structure inspected, there was no visible sign of wood destroying insects.

{¶6}  On March 17, 2017, Appellant closed on the purchase of a home from Appellee.

{¶7}  Prior to the purchase of the home Appellee completed the Ohio Residential Property Disclosure form. On the form Appellee indicated she did not have any knowledge of any previous or current wood destroying insects or termites in or on the property or any existing damage caused by such insects or termites.

{¶8}  Appellee, Appellee's son, Anthony, and Appellee's daughter, Tracy, all testified that they were not aware of any issues with termites.

{¶9}  In August of 2017, when attempting to clean a smudge from a fiber reinforced plastic panel, her thumb went through the panel. The newly exposed area

showed evidence of termite activity. The fiber reinforced plastic panel covered two walls of the laundry room and around the entire interior of the garage up to approximately four feet. The fiber reinforced plastic panel was replaced by Appellee's son in 2016. Appellee testified she did not participate in the replacement of the fiber reinforced plastic.

**{¶10}**  On August 24, 2017, T&L Extermination Services inspected the infestation.

**{¶11}**  On September 14, 2017, T&L Extermination Services treated the entire home for termites.

**{¶12}**  On October 30, 2017, Appellant hired a contractor to begin to tear out damaged areas. This continued through the winter as more termite activity and damage was discovered.

**{¶13}**  On October 31, 2017, Appellant again contacted T&L Extermination Services to treat the interior. During treatment he traced the termite activity to a crawl space located in the basement under the laundry room.

**{¶14}**  On February 7, 2018, T&L Extermination returned to the property to assess the damage in the garage. He determined three-quarters of the structure was severely damaged, and estimated the termites were present and active for three to five years.

**{¶15}**  The total cost of the termite infestation, tearing out the damaged areas, and restoration was $31,761.11.

**{¶16}**  On October 16, 2019, Appellant filed a complaint asserting that on the Ohio Residential Property Disclosure form, Appellee misrepresented that she did not know of any previous or current wood destroying insects or termites in or on the property or any existing damage caused by such insects or termites.

**{¶17}** On September 4, 2020, Appellee filed a Motion for Summary Judgment, arguing two reasons: first, that the record does not contain any evidence which creates a genuine issue of material fact as to whether Appellee had knowledge of the termites prior to the sale of the house; second, that Appellant could not have justifiably relied on Defendant's Property Disclosure form as the sale of the property was contingent on the termite inspection Appellant requested.

**{¶18}** On November 4, 2020, the trial court granted Appellee's Motion for Summary Judgment, finding Appellant did not provide the trial court with any evidence which showed Appellee, or anyone else, knew that there were termites in the house or that termites were actively concealed prior to sale.

### ASSIGNMENTS OF ERROR

**{¶19}** On November 16, 2020, Appellant filed a notice of appeal from the November 4, 2020, judgment entry. Appellant herein raises the following Assignment of Error:

**{¶20}** "I. THE COURT OF COMMON PLEAS ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED WITH RESPECT TO EACH ELEMENT OF APPELLANT'S CLAIM FOR FRAUD."

**{¶21}** In Appellant's sole Assignment of Error, Appellant argues the trial court erred by granting Appellee's Motion for Summary Judgment. We disagree.

**{¶22}** With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any

deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1997).

{¶23} The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

{¶24} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met this initial burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶25} The elements of fraudulent misrepresentation are (1) a representation on or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter

disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) followed by justifiable reliance upon the representation or concealment by the other party, and (6) resulting injury proximately caused by the reliance. *Funk v. Durant*, 5th Dist. No. CT 2002-0032, 155 Ohio App.3d 99, 2003-Ohio-5591, 799 N.E.2d 221, ¶20. *See also Friedland v. Lipman* (1980), 68 Ohio App.2d 255, 22 O.O.3d 422, 429 N.E.2d 456.

**{¶26}** In the case *sub judice*, the trial court found Appellant presented no evidence showing Appellee knew of termites in the house or that the termites were actively concealed prior to the sale. Appellant contends that because Appellee's son, Anthony Giannini, placed fiber reinforced plastic boards over holes in the wall in 2016, he would have seen the termite damage which Appellant did not discover until a year later in August of 2017. Appellant points to photographs taken sometime after discovery of the termite infestation as proof that Anthony would have known about termite damage. However, Appellant does not provide any evidence of the condition of the infested area at the time Anthony completed the work. Appellee, Anthony, and Appellee's daughter testified they had no knowledge of termites, or termite damage. Appellant's argument contained only unsupported allegations that Appellee would have known damage existed or would have seen the damage while walking by the work being done in the garage or laundry room. Appellant's unsubstantiated allegations fail to meet Appellant's burden and did not raise any genuine issue of material fact to preclude summary judgment.

{¶27}  Appellant's sole Assignment of Error is overruled.

{¶28}  For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/br 0415