[Cite as *Lower v. Lower*, 2024-Ohio-113.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MICHAEL LOWER

     Plaintiff-Appellant

-vs-

DONALD LOWER, et al.

     Defendants-Appellees

JUDGES:
Hon. John W. Wise, P.J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2023 CA 00021

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2022 CV 00474 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 12, 2024 |

APPEARANCES:

| For Plaintiff-Appellant | For Defendants-Appellees |
|---|---|
| MICHALE SCOTT LOWER, PRO SE<br>200 East Church Street<br>P. O. Box 402<br>Amanda, Ohio 43102 | COLIN R. BEACH<br>SALKER NOVACK LEGAL GROUP LLC<br>5013 Pine Creek Drive<br>Westerville, Ohio 43081 |

*Wise, P. J.*

{¶1} Appellant Michael Lower appeals the May 16, 2023, Judgement Entry of the Court of Common Pleas, Fairfield County, Ohio granting Appellee's Motion to Dismiss the Amended Complaint. Appellees are Donald Lower, Individually and as Executor of the Estate of Nancy G. Lower, and Colin Beach. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On September 2, 2022, Appellees filed a Complaint for Declaratory Judgment.

{¶3} On January 5, 2023, Appellant filed an Amended Complaint against Appellees for fraud, civil conspiracy, and tortious interference with a contract.

{¶4} On February 2, 2023, Appellees filed a Motion to Dismiss the Amended Complaint.

{¶5} On February 27, 2023, the Plaintiff filed a Reply addressing Appellant's Response.

{¶6} On May 17, 2023, the trial court granted Appellee's Motion to Dismiss.

## ASSIGNMENTS OF ERROR

{¶7} Appellant filed a notice of appeal and herein raises the following Assignments of Error:

{¶8} "I. THE TRIAL COURT ERRED BY DISMISSING THE PLAINTIFF'S FRAUD CAUSE OF ACTION AGAINST DEFENDANT DONALD LOWER BECAUSE THE ELEMENTS OF 'JUSTIFIABLE RELIANCE', AS WELL AS 'RESULTING

PROXIMATE INJURY' WERE SUFFICIENTLY PLED PER THE STANDARD FOR MAINTAINING A CLAIM ESPECIALLY WHEN THE PLAINTIFF IS A PRO SE LITIGANT.

{¶9} "II. THE TRIAL COURT ERRED BY DISMISSING THE CIVIL CONSPIRACY CLAIMS AGAINST BOTH DEFENDANTS BECAUSE THE NOTICE PLEADINGS AS CONTAINED WITHIN THE AMENDED COMPLAINT SUSTAINED THE FRAUD AND RESULTING PROXIMATE INJURY CAUSED BY THE TANDEM, JOINT, AND MUTUAL ACTIONS OF THE DEFENDANTS."

### Standard of Review

{¶10} This Court reviews judgments on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted under a de novo standard. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229, 551 N.E.2d 981; *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). In considering a motion to dismiss, a trial court may not rely on allegations or evidence outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Rather, the trial court may review only the complaint and may dismiss the case only if it appears beyond a doubt the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. Unsupported conclusions of a complaint are not sufficient to withstand a motion to

dismiss. *Schulman v. Cleveland* (1972) 30 Ohio St.2d 196, 198, 59 O.O.2d 196, 197, 283 N.E.2d 175, 176.

**I.**

{¶11} In Appellant's first Assignment of Error, Appellant argues the trial court erred by dismissing Appellant's fraud cause of action. We disagree.

{¶12} The elements of fraud or fraudulent misrepresentation are:

(1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) followed by justifiable reliance upon the representation or concealment by the other party, and (6) a resulting injury proximately caused by the reliance.

{¶13} *Funk v. Durant*, 5th Dist. Muskingum No. CT2002-0032, 155 Ohio App.3d 99, 2003-Ohio-5591, 799 N.E.2d 221, ¶20

{¶14} Appellant asserts the fraud in the case *sub judice* was committed against Nancy Lower, his mother, not against Appellant. "It is well established law in Ohio that a fraud claim may not be based on a misrepresentation made to a third party." *Wiles v. Miller*, 10th Dist. No. 12AP-989, 2013-Ohio-3625, ¶37. "A party is unable to maintain an action for fraud where the fraudulent representations were not made directly to him to induce him to act on them in matters affecting his own interests." *Baddour v. Fox*, 5th Dist. Licking No. 03CA-77, 2004-Ohio-3059, ¶41.

**{¶15}** A review of the complaint reveals that Appellant does not claim he justifiably relied upon any representation made by any Appellee. Instead, the alleged false representations were made to Appellant's mother, Nancy Lower. Therefore, from the face of the complaint Appellant can prove no set of facts entitling him to recover.

**{¶16}** Accordingly, Appellant's first Assignment of Error is overruled.

**II.**

**{¶17}** In Appellant's second Assignment of Error, Appellant argues the trial court erred by dismissing Appellant's civil conspiracy cause of action. We disagree.

**{¶18}** The elements of a civil conspiracy claim are: "(1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself." *Miller v. Med. Mut. of Ohio*, 5th Dist. Coshocton No. 2012CA0020, 2013-Ohio-3179, ¶51. (Citations omitted).

**{¶19}** "A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy." *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶40 (10th Dist.2009).

**{¶20}** Appellant appears to argue that Appellees conspired to commit a fraud upon him by making allegedly false representations to Appellant's mother, Nancy Lower. Since a civil conspiracy claim cannot be maintained absent an underlying tort and Appellant cannot maintain his claim of fraud per our disposition of Appellant's first Assignment of Error, then Appellant cannot maintain his claim of civil conspiracy. As such, Appellant is unable to prove any set of facts entitling him to recover.

**{¶21}**  Accordingly, Appellant's second Assignment of Error is overruled.

**{¶22}**  For the foregoing reasons, the judgment of the Fairfield County Court of Common Pleas, Ohio, is hereby, affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/br 0111