[Cite as *State v. Pippen*, 2013-Ohio-2239.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 :    Case No. 12CA3526
                                        :
    vs.                                 :
                                        :
                                        :    DECISION AND JUDGMENT
DANIEL C. PIPPEN,                       :    ENTRY
                                        :
    Defendant-Appellant.                :    **Released: 05/30/13**

APPEARANCES:

James H. Banks, Dublin, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Assistant
Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

McFarland, P.J.

{¶1} Daniel C. Pippen appeals from the sentence imposed by the

Scioto County Court of Common Pleas after he was re-sentenced pursuant to

the remand order issued by this Court in *State v. Pippen*, 4th Dist. No.

11CA3412, 2012-Ohio-4692, hereinafter "*Pippen I*.". On appeal, Pippen

(Appellant hereinafter) contends that the trial court erred in re-sentencing

him. Because we find that the trial court was acting pursuant to this Court's

remand instructions when it re-sentenced Appellant, we conclude that the trial

court properly exercised its jurisdiction, despite the fact that an application for

reconsideration was pending in this Court. However, because the trial court incorrectly reduced Appellant's conviction for possession of criminal tools to a minor misdemeanor, rather than a first degree misdemeanor in accordance with our remand instructions, we sustain Appellant's sole assignment of error. Accordingly, the decision of the trial court is reversed, in part, and remanded for further proceedings consistent with this opinion.

FACTS

{¶2} As noted in *Pippen I*, on October 25, 2010, Officer Steve Timberlake was unloading items from his vehicle when an unknown male approached him. The male knew Timberlake by name and told him there were men from Detroit selling drugs out of Katherine Lansing's residence at 616 Sixth Street in Portsmouth, Ohio. The next morning, Timberlake found an anonymous note on his vehicle's windshield, addressed to him, indicating there were "D-boys" at the house on Sixth Street, and illegal activity was occurring at another location in Portsmouth.

{¶3} After determining that Lansing was on probation, Timberlake contacted Nick Ferrara, the court's chief probation officer, and discussed the tip about Lansing. Ferrara noted Lansing's listed address was not on Sixth Street, but she had not been reporting to her probation officer and had an outstanding warrant for her arrest. Based upon new information that placed

Lansing at 518 Sixth Street only one month earlier, Ferrara decided it would be prudent to visit the residence and arrest Lansing. Because of Timberlake's tip that there may be as many as five additional persons present, who were allegedly selling drugs, Ferrara requested Timberlake and other officers from the Portsmouth Police Department assist with the home search for safety reasons. Timberlake and two other officers accompanied Ferrara and two probation officers to the residence.

{¶4} Because the specifics of the ultimate entry into the house and subsequent search are not pertinent to this appeal, we simply note that upon entering the residence, law enforcement found Daniel Pippen in the upstairs restroom and Tyrone Dixon, Evan Howard, and Eric Durr in a small upstairs bedroom. The bedroom had a dresser and a mattress in it, along with a pile of money on the floor. The money totaled $3,090. At the conclusion of a contraband search, law enforcement found a total of $16,803, 1,824 oxycodone pills, cocaine, heroin, marijuana, and two digital scales.

{¶5} Pippen along with the others were ultimately convicted of:

Count 1:  "Trafficking in Drugs/Oxycodone/Vicinity of a School/Major Drug Offender."

Count 2:  "Possession of Drugs/Major Drug Offender."

Count 3:     "Trafficking in Drugs/Heroin/Within the Vicinity of a School."

Count 4:     "Possession of Drugs/Heroin."

Count 7:     "Trafficking in Drugs/Marijuana/Within the Vicinity of a School."

Count 8:     "Possession of Criminal Tools."

Count 9:     "Possession of Marijuana."

Count 10:     "Conspiracy to Traffic in Drugs, F2."

{¶6} The trial court sentenced Pippen to 27 years in prison. The bulk of Pippen's sentence consisted of a ten year mandatory sentence on Count 1, as well as ten year sentence on the mandatory drug offender specification attached to Count 1. The trial court stated that the sentence for the major drug offender specification was also mandatory. Several of the offenses were determined to be allied offenses of similar import and therefore merged for purposes of sentencing and all of the sentences actually imposed were ordered to be served consecutively to one another.

{¶7} Pippen appealed his convictions and sentences. In *Pippen I*, this Court affirmed in part, reversed in part, and remanded the matter for resentencing. Specifically, we affirmed Appellant's convictions and sentences on Counts 1, 3, 4 and 7. Additionally, although Pippen was not

actually sentenced on his convictions on Counts 2 and 9, we remanded the matter with respect to Counts 2 and 9 and instructed the trial court to reduce the degree of those offenses due to problems identified in the jury forms. Further, we vacated Appellant's conviction on Count 8, for which Appellant was sentenced to a 12 month prison term, and remanded the matter to the trial court reduce the degree of offense from a fifth degree felony to a first degree misdemeanor, and to re-sentence Appellant accordingly. Finally, we noted that the ten year mandatory sentence imposed on Count 1's major drug offender specification should not have been characterized as mandatory, and as a result we remanded the matter for further proceedings.

{¶8} Our decision in *Pippen I* was released on September 25, 2012. Subsequently, Appellant filed an application for reconsideration in this Court on October 5, 2012.[1] The trial court re-sentenced Appellant pursuant to our remand instructions on November 8, 2012. It is from this re-sentencing that Appellant now brings his timely appeal, assigning a single assignment of error for our review.

---

[1] This Court issued a decision denying Appellant's application for reconsideration on January 29, 2013.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED IN RE-SENTENCING THE
        DEFENDANT."

LEGAL ANALYSIS

{¶9} In his sole assignment of error, Appellant contends that the trial court erred in re-sentencing him.  Appellant raises three questions under this assignment of error.  First, Appellant questions whether the trial court lacked jurisdiction to re-sentence him when an application for reconsideration was pending in the Court of Appeals.  Second, Appellant questions whether his sentence was contrary to law.  Finally, Appellant questions whether the trial court abused its discretion or acted arbitrarily in re-sentencing him.

{¶10} We initially address the question raised by Appellant regarding the trial court's jurisdiction to re-sentence him.  As set forth above, this Court issued a decision on September 25, 2012, which affirmed in part and reversed in part Appellant's multiple felony convictions and sentences, and remanded the matter for further proceedings.  Ten days later, on October 5, 2012, Appellant filed an application for reconsideration with this Court, urging us to reconsider our decision with respect to the issues of constructive possession, and standing to assert a Fourth Amendment violation as a result of a warrantless search.  The record further reflects that the trial court, pursuant to

this Court's remand order, held a re-sentencing hearing on November 8, 2012.

Our decision denying Appellant's application for reconsideration was

subsequently issued on January 29, 2013.

{¶11} As noted by Appellee in its brief on appeal, Appellant fails to

cite any authority for the proposition that the trial court lacked jurisdiction to

re-sentence him pursuant to a remand order by this Court when an application

for reconsideration was pending at the appellate level, nor has this Court been

able to locate any authority.  However, generally speaking, "[a] challenge to a

trial court's jurisdiction is reviewed de novo upon appeal." *In re J.M.*, 3rd Dist.

No. 16-12-01, 2012-Ohio-4109, ¶ 15; citing *In re L.B., L.B., A.F.*, 9th Dist.

No. 26034, 2012-Ohio-905, ¶ 6.  "Under the de novo standard of review, the

appellate court may substitute, without deference, its judgment for that of the

trial court." *In re J.M.* at ¶ 15; citing *Arnett v. Precision Strip, Inc.*, 3d Dist.

No. 2-11-25, 2012-Ohio-2693, 972 N.E.2d 168, ¶ 10; citing *Castlebrook, Ltd.*

*v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346, 604 N.E.2d

808 (2nd Dist.1992)

{¶12} App.R. 22 governs entries of judgment and provides that a

judgment becomes effective when entered by the clerk on the journal.  App.R.

26(A) governs applications for reconsideration and fails to provide any

guidance as to the trial court's jurisdiction once an application for

reconsideration is filed in the appellate court. Additionally, App.R. 27 provides that "[a] court of appeals may remand its final decrees, judgments, or orders, in cases brought before it on appeal, to the court or agency below for specific or general execution thereof, or to the court below for further proceedings therein." Thus, read together, we find no express prohibition against the trial court's exercise of jurisdiction in re-sentencing Appellant, pursuant to our remand order, despite the fact that an application for reconsideration had been filed and was still pending at the time of the re-sentencing hearing.

{¶13} Further, it could be argued that the trial court had no discretion to do anything except re-sentence Appellant according to this Court's remand order. *In re J.M.* at ¶ 17; quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984) (stating that according to the doctrine of the law of the case, a lower court is compelled to "follow the mandates of reviewing courts."). Finally, as noted by the court in *In re J.M.* at ¶ 17:

> "The Supreme Court of Ohio has stated, that 'where at a rehearing
> following remand a trial court is confronted with substantially the same
> facts and issues as were involved in the prior appeal, the court is bound
> to adhere to the appellate court's determination of the applicable law.
> Moreover, the trial court is without authority to extend or vary the

mandate given.' [*Nolan v. Nolan*] at 3-4, 462 N.E.2d 410 (citations omitted)."

Accordingly, we find no merit to this portion of Appellant's argument.

{¶14} Appellant next argues that the sentences imposed at his re-sentencing hearing were contrary to law and that the trial court abused its discretion in imposing them. Appellant specifically argues that the overall length of the sentences imposed upon Appellant should have been reduced by more than what they were, pointing out that Appellant's aggregate sentence was only reduced from 27 to 26 years. Appellant further argues that the imposition of consecutive sentences was an abuse of discretion, and that the trial court specifically erred in re-sentencing him on Count 8 (possession of criminal tools).

{¶15} When reviewing felony sentences, this Court follows the two-step approach the Supreme Court of Ohio outlined in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 4. See *State v. Welch*, 4th Dist. No. 08CA29, 2009-Ohio-2655, ¶ 6. "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, [that is, if the

sentence complies with the law,] the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Kalish* at ¶ 4.

{¶16} We begin our analysis by examining the decision issued after Appellant's direct appeal of this matter. In *Pippen I*, we affirmed the trial court's decision with respect to Appellant's convictions on Count 1 (aggravated trafficking in drugs), Count 3 (trafficking in heroin), Count 4 (possession of heroin), and Count 7 (trafficking in marijuana). *Pippen I* at ¶ 85. However, we reversed the ten year mandatory sentence imposed by the trial court on the R.C. 2925.03(C)(1)(f) major drug offender specification attached to Count 1, reasoning that the while the ten year sentence was within the statutory range, the sentence itself was not mandatory, and thus was an abuse of discretion by the trial court. *Pippen* I at ¶ 27. We further found as follows with respect to the remaining counts:

Count 2 (possession of drugs):   remanded to reduce from a first degree felony to a minor misdemeanor, but noted there would be no change in sentence as Count 2 was merged with Count 1 for purposes of sentencing. *Pippen I* at ¶ 90.

Count 8 (possession of
criminal tools):                  vacated 12 month sentence and remanded to reduce from a fifth degree felony to a first degree misdemeanor. *Pippen I* at ¶ 92.

Count 9 (possession of

| | |
|---|---|
| marijuana): | remanded to reduce to a minor misdemeanor, but noted there would be no change in sentence as Count 9 was merged with Count 7 for purposes of sentencing. *Pippen I* at ¶ 93. |
| Count 10 (conspiracy): | noted that there was no actual conviction to vacate as Count 10 was merged with Counts 1 and 2 for purposes of sentencing. *Pippen I* at ¶ 56. |

Thus, a review of *Pippen I* indicates that trial court was only instructed to re-sentence Appellant on the major drug offender specification, for which the trial court imposed a ten year mandatory sentence, as well as on Count 8, possession of criminal tools, for which the trial court imposed a 12 month prison term.

{¶17} As set forth above, pursuant to this Court's remand order in *Pippen I*, the trial court held a re-sentencing hearing on November 8, 2012. In accordance with our remand order, the trial court re-sentenced Appellant on the major drug offender specification, again imposing a ten year sentence. However, in imposing the ten year sentence, the trial court stated that it was non-mandatory. At the sentencing hearing, the trial court stated on the record that it had considered the record, oral statements and principles and purposes of sentencing under R.C. 2929.11, 2929.12, and 2929.13 in imposing sentence. Further, as noted in *Pippen I* at ¶ 24, a ten year sentence was within

the permissible range.  Thus, we cannot conclude that the trial court's sentence was contrary to law.

{¶18} Additionally, as explained in *Pippen I* at ¶ 24 , "the trial court was permitted to impose an additional prison term of ten years for the major drug offender specification, but the statutory language did not make the additional prison term mandatory."  As such, imposition of the ten year maximum was within the discretion of the trial court and the trial court properly exercised its discretion in imposing this sentence.  Further, there was no reduction in Appellant's aggregate sentence by virtue of his re-sentencing on the major drug offender specification.  Because the trial court specified on the record at the re-sentencing hearing that the ten year sentence it was imposing was non-mandatory, which was in complete accord with our remand instructions, we find no abuse of discretion on the part of the trial court with respect to this portion of Appellant's re-sentencing.

{¶19} Appellant next contends that the trial court erred in re-sentencing him with respect to Count 8, possession of criminal tools, in violation of R.C. 2923.24(A).  For the following reasons, we agree.  In *Pippen I*, with respect to Count 8, we concluded that "the verdict form was devoid of the level of the offense findings or aggravating factors" and therefore that Appellant could only be convicted of the "the least degree of the offense charged: a first

degree misdemeanor." *Pippen I* at ¶ 92. As such, we vacated Appellant's conviction. Id.

{¶20} However, on remand, instead of reducing Count 8 to a first degree misdemeanor, the trial court reduced Count 8 to a minor misdemeanor and sentenced Appellant to a six month jail sentence. First, Count 8 was improperly reduced to a minor misdemeanor. Second, a jail term may not be imposed for a minor misdemeanor. Third, the maximum term that may be imposed for a first degree misdemeanor is 180 days, not six months. *State v. Pierce*, 4th Dist. No. 10CA10, 2011-Ohio-5353, ¶ 10 (stating that "six months is not the same as one hundred eighty days because each month has a different number of days.") (internal citations omitted).

{¶21} In light of the foregoing and applying the test set forth in *Kalish,* supra, we conclude that the sentence imposed with respect to Count 8 is contrary to law. As such, we sustain this portion of Appellant's argument. Accordingly, this portion of Appellant's sentence is vacated and the matter is remanded to the trial court once again for further proceedings consistent with this opinion.

{¶22} Finally, we briefly address Appellant's contention that the trial court erred and abused its discretion in imposing consecutive sentences. We initially note that Appellant's sentences were ordered to be served

consecutively the first time he was sentenced, and the majority of his convictions and sentences were affirmed in his first direct appeal. Appellant did not challenge the consecutive nature of his sentences as part of his first appeal of this matter. Thus, this issue is arguably barred by res judicata.

{¶23} Further, Appellant's re-sentencing was ordered as part of a limited remand. The only actual issues on remand related to 1) the reduction of Counts 2 and 9, which had already merged for purposes of sentencing; 2) the reduction of Count 8 and re-sentencing, which resulted in a new concurrent, not consecutive sentence, but which we already vacated, supra; and 3) re-sentencing on the additional prison term associated with major drug offender specification. None of these issues related to the consecutive nature of Appellant's sentences that were originally imposed.

{¶24} However, in an effort to address Appellant's argument on the merits, we will review the trial court's adherence to the requirements for imposing consecutive sentences. As noted by the First District Court of Appeals, as a result of H.B. 86's recent enactment, we now have another consideration when determining whether consecutive sentences imposed by a trial court are contrary to law. *State v. Alexander*, 1st Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 13. For example, in *Alexander*, the court reasoned as follows at ¶ 13-14:

"The General Assembly has 'revived the requirement that trial
courts make findings before imposing consecutive sentences in
R.C. 2929.14(C).' *State v. Jones*, 1st Dist. No. C-110603, 2012-
Ohio-2075, ¶ 17; see also *State v. Hites*, 3rd Dist. No. 6-11-07,
2012-Ohio-1892, ¶ 11; *State v. Bonner*, 8th Dist. No. 97747,
2012-Ohio-2931, ¶ 5 ('The revisions * * * now require a trial
court to make specific findings when imposing consecutive
sentences.'); *State v. Sullivan*, 10th Dist. No. 11AP-414, 2012-
Ohio-2737, ¶ 24. Our determination of whether a trial court has
adhered to the applicable requirements of R.C. 2929.14(C)(4) in
imposing consecutive sentences is also subject to review under
the first prong of *Kalish* and under R.C. 2953.08(G)(2). See
*Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at
¶ 14." See also, *State v. Midlam*, 4th Dist. No. 12CA2, 2012-
Ohio-6299, ¶ 8.

{¶25} H.B. No 86 amended subsection (E)(4) of R.C. 2929.14 [now
subsection (C)(4) ], effective September 30, 2011, which is applicable herein,
and states as follows:

(C)(4) If multiple prison terms are imposed on an offender for
convictions of multiple offenses, the court may require the

offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶26} Thus, as explained by the *Alexander* court at ¶ 15, "R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences."  Further, "[i]n each step of this analysis, the statutory language directs that the trial court must 'find' the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4)" *Alexander* at ¶ 16.

{¶27} Here, the trial court made the necessary findings to support the imposition of consecutive sentences both on the record at the re-sentencing hearing, and in its sentencing entry.  We further find that the record supports the trial court's findings.  Accordingly, we find no error or abuse of discretion on the part of the trial court in the imposition of consecutive sentences.

**JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the trial court's JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED.  Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Hoover, J.: Concurs in Judgment and Opinion.
Abele, J.:   Concurs in Judgment Only.

For the Court,


BY:  _____

Matthew W. McFarland
Presiding Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**