[Cite as *Scott v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2796.]

# IN THE COURT OF APPEALS OF OHIO

# TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Aaron Scott, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 14AP-98 |
| v. | : | (Ct. of Cl. No. 2011-11157) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

| | | |
|---|---|---|
| Joseph N. Williams, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 14AP-105 |
| v. | : | (Ct. of Cl. No. 2012-01554) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

| | | |
|---|---|---|
| Jameel Haamid, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 14AP-106 |
| v. | : | (Ct. of Cl. No. 2011-11432) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

John W. Forester,                                :

      Plaintiff-Appellant,          :

                     No. 14AP-107

v.                                               :      (Ct. of Cl. No. 2011-12056)

Ohio Department of Rehabilitation            :      (REGULAR CALENDAR)
and Correction,
                                                 :

      Defendant-Appellee.            :

                                                 :


Frank E. Tyson,                                  :

      Plaintiff-Appellant,          :

                     No. 14AP-108

v.                                               :      (Ct. of Cl. No. 2011-13249)

Ohio Department of Rehabilitation            :      (REGULAR CALENDAR)
and Correction,
                                                 :

      Defendant-Appellee.            :

                                                 :


Anthony Moody,                                   :

      Plaintiff-Appellant,          :

                     No. 14AP-109

v.                                               :      (Ct. of Cl. No. 2011-11173)

Ohio Department of Rehabilitation            :      (REGULAR CALENDAR)
and Correction,
                                                 :

      Defendant-Appellee.            :

                                                 :

Michael Evans,           :

    Plaintiff-Appellant,     :

                        **No. 14AP-110**
v.                   :           (Ct. of Cl. No. 2012-02089)

Ohio Department of Rehabilitation   :         **(REGULAR CALENDAR)**
and Correction,

                         :

    Defendant-Appellee.     :

                         :


Lavance Turnage,         :

    Plaintiff-Appellant,     :

                        **No. 14AP-111**
v.                   :           (Ct. of Cl. No. 2011-13061)

Ohio Department of Rehabilitation   :         **(REGULAR CALENDAR)**
and Correction,

                         :

    Defendant-Appellee.     :

                         :


Larry Solomon,           :

    Plaintiff-Appellant,     :

                        **No. 14AP-112**
v.                   :           (Ct. of Cl. No. 2011-11165)

Ohio Department of Rehabilitation   :         **(REGULAR CALENDAR)**
and Correction,

                         :

    Defendant-Appellee.     :

Thomas Stallings,                                    :

      Plaintiff-Appellant,                      :
                                     No. 14AP-113
v.                                                   :          (Ct. of Cl. No. 2011-12137)

Ohio Department of Rehabilitation                    :          (REGULAR CALENDAR)
and Correction,
                                      :
      Defendant-Appellee.                        :

                                      :

D E C I S I O N

Rendered on June 26, 2014

*Swope and Swope – Attorneys at Law*, **and** *Richard F. Swope*, **for appellants.**

*Michael DeWine*, **Attorney General**, *Christopher L. Bagi*, **and** *Randall Knutti*, **for appellee.**

APPEALS from the Court of Claims of Ohio

SADLER, P.J.

{¶ 1} In these consolidated appeals, plaintiffs-appellants, Aaron Scott, Joseph N. Williams, Jameel Haamid, John W. Forester, Frank E. Tyson, Anthony Moody, Michael Evans, Lavance Turnage, Larry Solomon, and Thomas Stallings, appeal from the judgment of the Court of Claims of Ohio rendered on January 8, 2014 pursuant to a remand ordered by this court in *Scott v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-755, 2013-Ohio-4383. For the reasons that follow, the judgment of the trial court is affirmed.

## I. BACKGROUND

{¶ 2} As explained by this court in *Scott*:

> The ten individual plaintiffs-appellants are all inmates at the Mansfield Correctional Institution ("MCI") who allege that

> their confidential medical records were negligently released to the general prison population. Their separately-filed complaints state claims for invasion of privacy through wrongful dissemination of medical information. They also generally claim a violation of the right to privacy under other, unspecified, state and federal law.
>
> The Court of Claims granted summary judgment for [plaintiff-appellee, Ohio Department of Rehabilitation and Correction ("ODRC")] on the basis that the nonspecific invasion-of-privacy claims were constitutional in nature and could not be considered by the Court of Claims. With respect to the claims for wrongful dissemination of medical information, the court addressed this as a common-law claim for the tort of unauthorized disclosure of privileged medical information. The court found that the circumstances under which plaintiffs' medical information was disclosed did not meet the elements set forth in *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395 (1999), for this tort. As an alternative ground for ruling in favor of ODRC, the court held that ODRC was entitled to the defense of discretionary immunity for the actions and inaction of MCI staff that resulted in the disclosure of medical information.

*Id.* at ¶ 2-3.

{¶ 3} On appeal, appellants asserted six assignments of error. In addressing said assignments of error, this court agreed that ODRC was entitled to summary judgment on appellants' common-law claims for the tort of unauthorized disclosure of privileged medical information. *Id.* at ¶ 25, 29. Additionally, this court agreed that appellants' non-particularized claims for invasion of privacy under unspecified state or federal laws constituted general constitutional claims over which the Court of Claims would not have jurisdiction. *Id.* at ¶ 21. However, because the Court of Claims lacked jurisdiction over said claims, the *Scott* court concluded that the Court of Claims should have dismissed those claims without prejudice instead of granting summary judgment thereon. Accordingly, this court sustained appellants' second assignment of error and sustained in part and overruled in part appellants' first, third, fourth, fifth, and sixth assignments of error. In accordance therewith, this court stated "[t]he judgments of the Court of Claims of Ohio granting summary judgment in favor of ODRC on plaintiffs' claims for

unauthorized disclosure of medical information are affirmed. The court of claims' grant of summary judgment on plaintiffs' remaining claims is reversed, and the matter remanded to modify its judgments to reflect a dismissal of these claims for lack of jurisdiction." *Id.* at ¶ 32.

{¶ 4} *Scott* was rendered on October 3, 2013. Thereafter, on January 8, 2014, the trial court modified its previous August 1, 2012 judgment entry in accordance with *Scott*'s instruction and stated "judgment is rendered in favor of defendant on plaintiffs' claims for unauthorized disclosure of medical information, and plaintiffs' remaining claims are DISMISSED without prejudice for lack of subject matter jurisdiction." (Emphasis sic.) (Entry, 6.)

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellants filed an appeal from the January 8, 2014 judgment entries and assert three assignments of error for our review:

> [I.] The trial court lacked jurisdiction since the case is still on appeal subject to a ruling on a timely motion for reconsideration.

> [II.] The trial court erred in granting a motion for summary judgment.

> [III.] In light of this court's ruling, sustaining the first, third, fourth and fifth assignments of error, the common law invasion of privacy, contract, defamation and statutory prohibition of disclosure survive, and the trial court's ruling is erroneous.

## III. DISCUSSION

### A. First Assignment of Error

{¶ 6} In their first assignment of error, appellants assert the trial court lacked jurisdiction to render the January 8, 2014 judgment because, at that time, appellants' application for reconsideration remained pending in this court. Though a remand order gives a trial court jurisdiction to carry out the directive of the court of appeals, it is appellants' position that a timely application for reconsideration stays execution of an appellate court judgment and divests the trial court of jurisdiction to proceed with a

remand until the application for reconsideration is decided.  Appellants do not cite any authority in support of their position.  Instead, appellants direct this court to the Supreme Court of Ohio's Rules of Practice, which provide in relevant part:

> (a) When a party timely files an application for reconsideration in the court of appeals pursuant to App.R. 26(A)(1), the time for filing a notice of appeal from the court of appeals' entry of judgment shall be tolled.
>
> (b) If a timely application for reconsideration is filed in the court of appeals, and the appellant seeks to appeal from the court of appeals' entry of judgment, the appellant shall file a notice of appeal within forty-five days of the court of appeals' decision denying the application for reconsideration, or if reconsideration is granted, from the subsequent entry of judgment.

S.Ct.Pract.R. 7.01(A)(5).

{¶ 7}   While this rule tolls the time for filing a notice of appeal in the Supreme Court of Ohio, notably absent from the rule is *any* language indicating that a judgment of the court of appeals is automatically stayed by a party's act of filing an application for reconsideration.  Additionally, our research has revealed two sister appellate courts that have addressed and rejected arguments comparable to appellants'.  In *State v. Pippen*, 4th Dist. No. 12CA3526, 2013-Ohio-2239, the defendant appealed from the sentence imposed upon a remand for re-resentencing.  The defendant argued the trial court had no jurisdiction to re-sentence him because his application for reconsideration was still pending in the appellate court.  The Fourth District Court of Appeals found "no express prohibition against the trial court's exercise of jurisdiction in re-sentencing Appellant, pursuant to [its] remand order, despite the fact that an application for reconsideration had been filed and was still pending at the time of the re-sentencing hearing."  *Id.* at ¶ 12.

{¶ 8}   Similarly, in *State v. Moore*, 7th Dist. No. 13 MA 60, 2014-Ohio-2525, the defendant appealed from a judgment of the trial court rendered after a sexual offender classification hearing held pursuant to a remand ordered by the court of appeals.  The defendant argued the trial court had no authority to proceed with the classification hearing while his application for reconsideration remained pending in the appellate court.

The Seventh District Court of Appeals noted that, while an application for reconsideration extends the time to appeal to the Supreme Court of Ohio, "from a procedural standpoint[,] it does little else on its own." *Id.* at ¶ 10. After noting that the defendant failed to seek and obtain a stay of the appellate court's judgment pending its resolution of the defendant's application for reconsideration, the *Moore* court concluded the trial court properly proceeded with the classification hearing.

{¶ 9} In the case before us, appellants have appealed from a judgment of the Court of Claims of Ohio issued pursuant to this court's remand instructing that court to modify its judgment to reflect the dismissal of certain claims for lack of jurisdiction. Though filing an application for reconsideration with this court, appellants did not seek and obtain a stay of this court's judgment and now contend the trial court lacked jurisdiction to act until the reconsideration application was decided. However, like the appellants in *Pippen* and *Moore*, appellants have not cited any authority to support their proposition that an application for reconsideration automatically stays an appellate court's judgment, and we decline appellants' invitation to read S.Ct.Pract.R. 7.01 in a manner that would suggest the same. For the foregoing reasons, we overrule appellants' first assignment of error.

### B.  Second and Third Assignments of Error

{¶ 10} Because they are interrelated, appellants' second and third assignments of error will be addressed together. In their second assignment of error, appellants argue the trial court erred in granting summary judgment in favor of ODRC and assert "[i]t is clear the Tenth District Court of Appeals dismissed only the newly created unauthorized disclosure of medical records, leaving all other common law and statutory claims alive and well." (Appellants' Brief, 12.) In their third assignment of error, appellants contend their claims for invasion of privacy, contract, defamation, and statutory prohibition of disclosure survive, and the trial court's ruling is erroneous.

{¶ 11} We find these arguments quite peculiar given that this court clearly determined (1) that summary judgment in favor of ODRC on appellants' claims for unauthorized disclosure of medical information was proper and (2) that appellants' remaining claims should have been dismissed for lack of jurisdiction. In accordance with

said determinations, this court affirmed in part, reversed in part, and remanded the matter with instructions for the trial court to modify its judgment to reflect a dismissal without prejudice of certain claims.

{¶ 12} Though appellants disagree with the trial court's disposition of their claims and this court's treatment of their claims on appeal, when this matter was remanded to the trial court with instructions, no viable causes of action remained, and the trial court was required to proceed in accordance with the remand issued by this court. *Cugini & Capoccia Builders, Inc. v. Ciminello's, Inc.*, 10th Dist. No. 06AP-210, 2006-Ohio-5787, ¶ 32, citing *Blackwell v. Internatl. Union, U.A.W.*, 21 Ohio App.3d 110, 112 (8th Dist.1984) (when an appellate court remands a case for a limited purpose, the trial court must accept all issues previously adjudicated as finally settled); *Orrville Prods., Inc. v. MPI, Inc.*, 8th Dist. No. 65184 (June 9, 1994) ("On remand, a trial court must obey the mandate of the court of appeals[,] * * * [t]he order of remand restores the trial court with jurisdiction to carry out the directive of the court of appeals."). A trial court is without authority to extend or vary the mandate given by the appellate court. *State v. Harper*, 10th Dist. No. 06AP-733, 2007-Ohio-2590, ¶ 13.

{¶ 13} Upon review, we conclude the trial court properly modified its judgment in accordance with the remand and instructions issued by this court in *Scott*. Accordingly, we overrule appellants' second and third assignments of error.

## IV. CONCLUSION

{¶ 14} Having overruled appellants' three assignments of error, we hereby affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and O'GRADY, JJ., concur.

_____