[Cite as *Bowens v. Bowens*, 2022-Ohio-1383.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Deborah M. Bowens, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | |
| Bruce E. Bowens, Jr., | : | No. 21AP-339<br>(C.P.C. No. 15DR-3993) |
| Defendant/Third-Party<br>Plaintiff-Appellee, | : | (REGULAR CALENDAR) |
| | : | |
| [Lynn Allen, | | |
| | : | |
| Third-Party<br>Defendant-Appellant]. | : | |

D E C I S I O N

Rendered on April 26, 2022

**On brief:** *Ric Daniell*, for appellant Lynn Allen.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

KLATT, J.

{¶ 1} Third-party defendant-appellant, Lynn Allen, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding in favor of third-party plaintiff-appellee, Bruce E. Bowens, Jr., on his claim for unjust enrichment and imposing a constructive trust. For the following reasons, we reverse that judgment and remand this matter to the trial court.

{¶ 2} This matter arose from the divorce of Bruce and Deborah M. Bowens, Allen's daughter. Bruce and Deborah married in 1997. In May 2014, Deborah signed an agreement

with Wendy Rinehart to lease the residence at 5035 Chipman Drive.  The lease provided that, in addition to monthly rent payments, Deborah would make a $10,000 deposit and purchase the Chipman Drive property by March 1, 2015 for a total purchase price of $55,000.  If Deborah did not purchase the property by March 1, 2015, then Rinehart would not return the deposit and Deborah would become a month-to-month tenant.

{¶ 3}   Deborah and Bruce paid Rinehart the $10,000 deposit from Bruce's Social Security disability benefits.  Bruce and Deborah then moved into the Chipman Drive property and made various repairs and improvements to the house.

{¶ 4}   In the spring of 2015, the Bowens asked Allen to buy the Chipman Drive property because they could not obtain financing to buy it.  Allen agreed to do so.  Rinehart deducted the $10,000 deposit from the $55,000 sales price, even though Allen purchased the property instead of his daughter and the sale occurred after March 1, 2015.  Deborah gave Allen money to pay the closing costs.  After purchasing the property, Allen paid for the replacement of the furnace and air conditioning unit.

{¶ 5}   In October 2015, Deborah and Bruce separated, and Bruce moved out of the Chipman Drive property.  Deborah then filed for divorce.  Bruce answered Deborah's complaint, and he filed a third-party complaint against Allen for unjust enrichment.  In his third-party complaint, Bruce contended that the court should impose a constructive trust on the Chipman Drive property to protect his interest in it because it would be unjust and inequitable for Allen to retain the property without compensating Bruce for his financial contributions to the property.

{¶ 6}   After a trial, the trial court issued a judgment dated December 31, 2018 entering judgment in Bruce's favor on his unjust enrichment claim.  The trial court imposed a constructive trust on the property to prevent Allen from being unjustly enriched by Bruce's down payment and repairs to the house.  Allen appealed the December 31, 2018 judgment to this court.

{¶ 7}   In a decision issued September 26, 2019, we first concluded that the trial court erred in finding that Bruce conferred any pre-purchase benefits on Allen. *Bowens v. Bowens*, 10th Dist. No. 19AP-45, 2019-Ohio-3910, ¶ 37.  We pointed out that based on the evidence provided at trial, the contract automatically became a month-to-month tenancy and the Bowens forfeited the $10,000 deposit when they were unable to exercise their

option to purchase the property by March 1, 2015. Thus, when Allen purchased the property, Rinehart—not Bruce—had the legal right to the $10,000 deposit and the improved property. Consequently:

> it was Rinehart rather than Bruce that conferred a benefit to [Allen] in selling him the property for $55,000 less the $10,000 deposit when she was not legally obligated to do so. In such circumstances, where someone other than the person seeking the constructive trust conferred a benefit on the third party, imposition of a constructive trust due to unjust enrichment is unwarranted.

*Id.* Because Rinehart—not Bruce—gave Allen the pre-purchase benefits at issue, the trial court erred in relying on Bruce's contributions prior to Allen purchasing the property to find unjust enrichment to support the imposition of a constructive trust.

{¶ 8} Second, we concluded that competent, credible evidence did not show circumstances under which it would be unjust for Allen to retain any post-purchase benefit allegedly provided by Bruce in this case. *Id.* at ¶ 38. Allen purchased the Chipman Drive property at the Bowens' request and without any wrongful conduct or intentions. Although the parties discussed the Bowens purchasing the property sometime in the future, no terms were ever discussed. Moreover, Allen did not apply the payments he received from the Bowens for living in the house as a reduction in the future purchase price of the property. Allen paid for the only post-purchase improvement, the replacement of the furnace and air conditioning unit. Finally, Allen obligated himself on a $41,250 bank loan to purchase the property.

{¶ 9} In sum, we held that, "[o]verall, the trial court's finding that [Allen] has been unjustly enriched by Bruce, and the imposition of the construct[ive] trust as a remedy, is not supported by competent, credible evidence and was against the manifest weight of the evidence in this case." *Id.* at ¶ 39. We therefore reversed the trial court's judgment, and we remanded the case to the trial court "to proceed consistent with this decision and to consider the effect, if any, this decision has on the divorce decree." *Id.* at ¶ 41.

{¶ 10} On June 30, 2021, the trial court entered a judgment on remand, which stated that "[t]he issue remanded was the Court's order on behalf of Defendant Bruce Bow[ens] to order a constructive trust on the property located at 5035 Chipman Drive, Columbus, Ohio 43232." (June 30, 2021 Decision & Entry on Remand at 1.) The trial court then

reiterated the factual findings and legal conclusions contained in its December 31, 2018 judgment, and the trial court once again entered judgment on the unjust enrichment claim in Bruce's favor and imposed a constructive trust.

{¶ 11} Allen now appeals the June 30, 2021 judgment, and he assigns the following errors:

> 1. The trial court erred, abused its discretion, and ruled against the manifest weight of the evidence in its decision on remand dated June 30, 2021 when it sustained the "Defendant's Motion for creation of a constructive trust."
>
> 2. The trial court erred, abused its discretion, and ruled against the manifest weight of the evidence in its remand decision of June 30, 2021 when it found that the doctrine of unjust enrichment should be employed to determine if Defendant and/or Plaintiff were entitled to be compensated for the benefit conferred upon Allen.
>
> 3. The Court erred, abused its discretion, and ruled against the manifest weight of the evidence in its remand decision of June [3]0, 2021 when it determined that the actions of Bruce Bowens created a *de facto* contractual relationship with Ms. Rinehart and that Bruce Bowens was a party to the lease to purchase contract.
>
> 4. The trial court erred by not issuing a ruling consistent with this Court's decision.

{¶ 12} We will begin our review with Allen's fourth assignment of error, wherein he argues that the trial court erred by reaching a result contradictory to this court's September 26, 2019 decision. We agree.

{¶ 13} When an appellate court remands a case for a limited purpose, the trial court must accept all issues previously adjudicated as finally settled. *Cugini & Capoccia Builders, Inc. v. Ciminello's, Inc.*, 10th Dist. No. 06AP-210, 2006-Ohio-5787, ¶ 32. Furthermore, pursuant to an order of limited remand, the trial court has jurisdiction solely to carry out the mandate of the appellate court. *Id.*; *Scott v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-98, 2014-Ohio-2796, ¶ 12. The trial court " 'may not consider the remanded case for any other purpose, may not give any other or further relief, may not review for apparent error, and may not otherwise intermeddle with it except to settle so much as has been remanded.' " *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 13, quoting

*State ex rel. Natl. Elec. Contrs. Assn. v. Ohio Bur. of Emp. Servs.*, 10th Dist. No. 97APD07-895 (Sept. 16, 1999); *accord Scott* at ¶ 12 ("A trial court is without authority to extend or vary the mandate given by the appellate court."); *Havens v. Havens*, 10th Dist. No. 12AP-1051, 2013-Ohio-3166, ¶ 15 ("A trial court must follow the mandate of the appellate court and, in the case of a limited remand, the trial court may not try any other issue other than that set forth in the mandate.").

{¶ 14} Here, the trial court ignored our mandate "to proceed consistent with this decision and to consider the effect, if any, this decision has on the divorce decree." *Bowens*, 10th Dist. No. 19AP-45, 2019-Ohio-3910, at ¶ 41. Instead, the trial court reentered the same judgment it had previously entered, contradicting our ruling that had reversed that judgment. Thus, the trial court erred both by failing to comply with our mandate and redetermining issues settled in the appeal. Accordingly, we sustain Allen's fourth assignment of error.

{¶ 15} Given our ruling on Allen's fourth assignment of error, we must reverse the trial court's decision. Consequently, we find Allen's first through third assignments of error moot, and we will not rule upon them.

{¶ 16} For the foregoing reasons, we sustain Allen's fourth assignment of error, which renders the first through third assignments of error moot. We reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and we remand this cause to that court to proceed consistent with the September 26, 2019 decision and this decision, and to consider the effect, if any, this court's September 26, 2019 decision has upon the divorce decree.

*Judgment reversed; cause remanded with instructions.*

BEATTY BLUNT and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).