[Cite as *Lower v. Lower*, 2025-Ohio-1111.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| MICHAEL S. LOWER, | : | | JUDGES: |
| | : | | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellant | : | | Hon. Andrew J. King, J. |
| | : | | Hon. David M. Gormley, J. |
| -vs- | : | | |
| | : | | |
| DONALD L. LOWER, et al., | : | | Case No. 2024 CA 00040 |
| | : | | |
| Defendants - Appellees | : | | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Fairfield County
                                 Court of Common Pleas, Case No.
                                 22-CV-00474

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                March 28, 2025

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellees

MICHAEL SCOTT LOWER, Pro Se                No Appearance
200 East Church Street, P.O. Box 402
Amanda, Ohio 43102

*Baldwin, P.J.*

**{¶1}** The appellant, Michael S. Lower, appeals the decision of the trial court awarding attorney fees to Colin R. Beach, Esq., and denying the appellant's Rule 60(B) motion. Appellees are Donald L. Lower and Colin R. Beach, Esq.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On September 2, 2022, the appellant filed a Complaint for Declaratory Judgment against appellee Donald L. Lower, both individually and in his capacity as Executor of the Estate of their mother Nancy G. Lower, and appellee Colin R. Beach, Esq. seeking a declaration that the mortgage on the real property that was part of the estate was improperly managed, and therefore should be declared invalid and set aside and the debt extinguished. On September 22, 2022, appellee Beach filed a Motion to Dismiss pursuant Civ.R. 12(B), arguing inter alia that the appellant's Complaint failed to state a claim upon which relief could be granted. The parties briefed the issues, and on December 20, 2022, the trial court issued a Judgment Entry granting appellee Beach's Motion to Dismiss for failure to state a claim upon which relief can be granted.[1]

**{¶3}** On January 5, 2023, the appellant filed an Amended Complaint against appellees Donald L. Lower and Colin Beach alleging fraud, tortious interference with contract, and civil conspiracy. On February 2, 2023, appellee Donald L. Lower, individually and as Executor of the Estate of Nancy Lower, filed a Motion to Dismiss the appellant's Amended Complaint. In addition, appellee Colin Beach filed a Motion to Dismiss the appellant's Amended Complaint and a Motion for Sanctions against the

---

[1] Appellee Donald L. Lower also filed a Motion to Dismiss on September 22, 2022, which was denied.

appellant for filing a frivolous complaint. The parties briefed the issues, and on May 16, 2023, the trial court issued an Opinion and Entry in which it granted the appellees' motions to dismiss. In addition, the trial court found in its May 16, 2023, Opinion and Entry that the appellant's conduct was frivolous, that appellee Beach was adversely affected by the appellant's conduct, and that he was therefore entitled to sanctions in the form of an award of attorney fees. The trial court reserved its determination on the amount of the attorney fee award in order to conduct a hearing on the subject.

{¶4} On May 24, 2023, the appellant filed a notice of appeal of the trial court's May 16, 2023, Opinion and Entry dismissing his fraud cause of action against appellee Donald L. Lower and dismissing the civil conspiracy cause of action against both appellees. On June 16, 2023, this Court remanded the matter to the trial court for the limited purpose of ruling on the issue of attorney fees on or before July 24, 2023, and extended the time for transmission of the record to July 31, 2023.

{¶5} On July 18, 2023, the trial court conducted an evidentiary hearing on the attorney fee issue, and on July 20, 2023, issued an Entry Regarding Attorney Fees in which it found that sanctions were appropriate for 5.6 hours of work at the rate of $250.00 per hour; found that said amount of work and hourly rate were reasonable; and, awarded attorney fees against the appellant and in favor of appellee Beach in the amount of $1,400.00. The record was transmitted on July 31, 2023, and on January 12, 2024, this Court affirmed the judgment of the trial court in *Lower v. Lower*, 2024-Ohio-113 (5th Dist.); *appeal not allowed by Lower v. Lower*, 2024-Ohio-1832; *reconsideration denied by Lower v. Lower,* 2024-Ohio-2718.

**{¶6}** On June 4, 2024, appellee Beach filed a Certificate of Judgment against the appellant based upon the unsatisfied $1,400.00 judgment as set forth on the trial court's July 20, 2023, Entry.

**{¶7}** On July 18, 2024, the appellant filed a Motion for Reconsideration in which he sought "Rule 60 B Relief", and demanded "the Court to vacate and rescind, it's [sic] previous Orders and Judgments." The appellant went on to argue that "[t]he dilatory nature of the Appeals process, misconduct of it's [sic] Officers, prejudice against Pro Se Litigators and/or a prejudice for members for the Bar, should not weigh against the [appellant]." On July 19, 2024, the appellant filed a "Motion for Stay of Execution of Judgment and Any Proceedings to Enforce Judgment Instanter."  On July 24, 2024, the trial court issued an Entry Denying Request for Stay of Execution (Magistrate's Order) in which it held that the matter came to be heard on the appellant's motion for stay and, upon consideration thereof, found the motion "is not well-taken and is hereby DENIED." On August 7, 2024, the appellant filed a Motion for Reconsideration of Stay of Excution [sic] of Judgment. In addition, on August 7, 2024, the appellant filed a Memorandum of Law in Support of Motion for Relief of Judgment. Finally, on August 15, 2024, the appellant filed a Request for Hearing for Motion for Reconsideration.

**{¶8}** On September 11, 2024, the trial court issued an Entry On Outstanding Motions in which it found that no in-person hearing was necessary on the motions; found that the appellant had failed to demonstrate that he had a meritorious defense or claim to present if relief was granted, and failed to demonstrate that he was entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and, denied the appellant's

Motion for Reconsideration of Stay of Execution of Judgment as moot. The appellant filed a timely Notice of Appeal, and sets forth the following sole assignment of error:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SANCTIONED APPELLANT WITH ATTORNEY'S FEES AWARDED TO APPELLEE COLIN BEACH RULING AND FINDING THAT THE APPELLANT HAD ACTED IN FOR [SIC] BAD FAITH AND WITHOUT MERIT FOR SEEKING TO INVOLVE AND JOIN APPELLEE COLIN BEACH IN THE UNDERLYING LITIGATION, NOTWITHSTANDING THE LEGAL SENSE BEHIND APPELLANT'S ACTIONS WERE IN KEEPING WITH THE OHIO RULES OF CIVIL PROCEDURE, THE OHIO REVISED CODE, THE OHIO CODE OF PROFESSIONAL RESPONSIBILITY, AND THE TRIAL COURT'S RETROSPECTIVE CONSIDERATION OF ITS ORDER WAS GIVEN SUPPLEMENTAL JUDICIAL CONTEXT BY THE FRANKLIN COUNTY PROBATE'S PRESIDING JUDGE WHO TOO EXAMINED THE SAME ISSUES THROUGH THE LENS OF THE SAME OHIO LEGAL AUTHORITIES."

{¶10} The appellant submits that the issue for review in this case is "[w]hether the trial court committed an abuse of discretion pursuant to its denial of the Appellant's Rule 60(B) Motion to reconsider and remove the order of attorney 's fees issued against Appellant was perverse, unconscionable, and grossly violative of fact, logic, and constituted the exercise of an unreasonable and arbitrary judicial act."

## STANDARD OF REVIEW

{¶11} In order to prevail on a motion to vacate a judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated

in Civ.R. 60(B)(1) through (5); and, (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The *GTE* factors are independent and conjunctive, not disjunctive. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." *Blaney v. Kerrigan*, 1986 WL 8646, *2 (5th Dist. Aug. 4, 1986). Our standard of review of a court's decision as to whether to grant a Civ.R. 60(B) motion is abuse of discretion. *GTE* at 148.

{¶12} In addition, an award or denial of attorney fees is also reviewed based upon an abuse of discretion standard. " 'It is well settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere. The trial judge which participated not only in the trial but also in many of the preliminary proceedings leading up to the trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court.' *Brooks v. Hurst Buick–Pontiac–Olds–GMC, Inc.* (1985), 23 Ohio App.3d 85, 91, 23 OBR 150, 155, 491 N.E.2d 345, 351–352." *Bittner v. Tri-Cnty. Toyota, Inc.*, 58 Ohio St. 3d 143, 146 (1991). In order to find an abuse of discretion, the court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

**{¶13}** The appellant's arguments herein are precluded by the law of the case doctrine. The arguments set forth in the appellant's brief focus primarily on the allegation that the appellees engaged in wrongdoing, and that the trial court erred in finding that sanctions were appropriate and awarding attorney fees to appellee Beach. The appellant argues that appellee Beach conveyed information "he knew to be false to Nancy Lower about the undersigned Appellee/Plaintiff relative to Nancy's business affairs," and that "[u]ntil Nancy's death, [appellee Beach] participated in telling her that the [appellant's] timely monthly payment had not been made or received. The fiduciary breach to Nancy in this regard was the undue influence that enlarged the inheritance of Donald Lower who ended up supposedly now inheriting the entire Estate, but it required the efforts of Colin Beach too." The appellant is merely reasserting the arguments this Court has already found unpersuasive when it affirmed the trial court's decision in the previous appeal.

*{¶14}* The law of the case doctrine was addressed by this Court in *Woods v. Big Sky Energy, Inc.,* 2020-Ohio-5309 (5th Dist.):

> The law of the case "doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "This is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.* The doctrine prevents lower courts from disregarding the mandate of a superior

court in a prior appeal in the same case" *Id.* Likewise, it prohibits litigants from "mak[ing] new arguments to the trial court on remand that were raised or could have been raised on the first appeal." *Neiswinter v. Nationwide Mut. Fire Ins. Co.*, 9th Dist. Summit No. 23648, 2008-Ohio-37, 2008 WL 81316 at paragraph 10; *Johnson v. Johnson*, 5th Dist. Stark No. 2016CA00060, 2016-Ohio-7861, 2016 WL 6906146 at paragraph 14. Furthermore, "[a] trial court is without authority to extend or vary the mandate given by the appellate court." *Scott v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-105, 2014-Ohio-2796, 2014 WL 2931944, ¶ 12, citing *State v. Harper,* 10th Dist. No. 06AP-733, 2007-Ohio-2590, 2007 WL 1536825, ¶ 13.

*Id.* at ¶ 24. To the extent the appellant argues the merits of whether the appellees engaged in fraud, tortious interference with contract, and/or civil conspiracy, the decision regarding those claims has already been determined by this Court, and remains the law of this case on those legal questions for all subsequent proceedings in this case at both the trial and reviewing levels.

**{¶15}** In addition, with regard to the award of sanctions and attorney fees, the appellant admitted that he was not contesting the amount of attorney fees awarded to appellee Beach by the trial court; rather, he was contesting that attorney fees were awarded at all. The appellant could have raised this issue in the first appeal, but did not. Accordingly, the trial court's decision to award attorney fees is also subject to the law of the case doctrine. Consequently, the appellant's assignment of error is without merit.

**{¶16}** Moreover, the trial court did not err in denying the appellant's Civ.R. 60(B) motion. The appellant failed to establish that he had a meritorious defense to present if the requested relief was granted. Furthermore, although failure on one prong of *GTE* is fatal to a party's Civ.R. 60(B) motion, the appellant also failed to establish that he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and his sole assignment of error is therefore without merit.

## CONCLUSION

**{¶17}** Based upon the foregoing, the appellant's assignment of error is overruled, and the decision of the Fairfield County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

King, J. and

Gormley, J. concur.